

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HANNAH CATHERINE SCHUSTER,<br><br>*Defendant.* | Criminal Case No. 2:22-cr-140 |

## STATEMENT OF FACTS

The United States and the defendant, HANNAH CATHERINE SCHUSTER (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about February 20, 2021, Virginia Beach Emergency Medical Services (EMS) and officers with the Virginia Beach Police Department (VBPD) were dispatched to a hotel on Greenwich Road in Virginia Beach in response to a report of an unresponsive male discovered in a hotel room with three unsupervised children. The first police officer on scene was admitted to room 423 by hotel staff. In addition to an unresponsive adult male and three small children, the officer observed in plain view inside room 423 a gas blowtorch, glass smoking devices and a digital scale. Shortly thereafter, EMS personnel placed the adult male on a stretcher and removed him from the hotel room. The responding VBPD officers "froze" room 423 in anticipation of seeking a search warrant. During this time, another VBPD officer observed a plastic bag containing a quantity of suspected methamphetamine in plain view atop a television stand in room 423.

2. The responding officers learned from hotel staff that room 423 had been rented by the defendant and she had also rented another room for herself. Hotel staff identified the

defendant's room as room 426. Hotel staff advised that the defendant had been renting a pair of rooms at the hotel for approximately the past month. The defendant generally paid for the rooms in person at the front desk of the hotel on a day-to-day basis. The responding officers obtained the registry for rooms 423 and 426, which was in the defendant's name and listed as the defendant's home address at a residence on Floral Street in Virginia Beach. VBPD then "froze" room 426.

3. After he regained consciousness, the adult male declined any further medical attention and was taken into custody by VBPD. Following *Miranda*, the male consented to a search of room 423. The police recovered a plastic bag containing 60.90 grams of methamphetamine with an average purity of $82.6 \pm 2.1\%$, a digital scale, and glass smoking devices from room 423. Methamphetamine is a Schedule II controlled substance.

4. At approximately 3:43 p.m. on February 20, 2021, a trained police narcotics dog alerted on the door to room 426. Homeland Security Investigations (HSI) Task Force Officer (TFO) Regan contacted the defendant by telephone. TFO Regan advised the defendant that the police were at her hotel room and requested the defendant return to the hotel. The defendant agreed to return to the hotel. However, the defendant failed to return to the hotel and TFO Regan's subsequent calls to the defendant's phone went unanswered. At approximately 5:35 p.m., VBPD executed a search warrant on the defendant's hotel room (room 426). Inside room 426, the police discovered numerous items of the defendant's property including handbags, clothing, various debit cards bearing the defendant's name, photographs of the defendant, mail addressed to the defendant, various documents containing the defendant's personal information, documents bearing the defendant's handwriting and signature, and a credit account application in the defendant's name. Atop an ottoman, VBPD discovered a closed safe. A key to the closed safe was also discovered in the room. Inside the safe, the police discovered a bank deposit bag

containing 111.85 grams of methamphetamine with an average purity of 95 ± 2.1%, a digital scale, and $509 in cash. The defendant possessed the methamphetamine with intent to distribute. Elsewhere in the room, the police located tablets containing Clonazolam, a Schedule I controlled substance, 11.24 grams of methamphetamine, two more digital scales, handwritten drug ledgers, various smoking devices, Narcan nasal spray, and other drug paraphernalia.

5. Following the search of the defendant's hotel room, a warrant was issued for her arrest. The defendant was arrested on September 21, 2021. Following her arrest on that date, TFO Regan and HSI Special Agent (SA) Fox interviewed the defendant. TFO Regan advised the defendant of her *Miranda* rights. The defendant acknowledged she understood her rights. SA Fox reminded the defendant about the search of her hotel room on February 20, 2021. SA Fox asked the defendant from whom she was receiving her methamphetamine. The defendant did not respond. Later, Fox asked the defendant whether she was still obtaining methamphetamine from the same person. The defendant responded, ". . . I don't do that anymore." Still later in the conversation, SA Fox asked the defendant why she was unwilling to reveal her drug source. The defendant responded, "I'm not doing that . . . I'm not even doing that anymore, actually." The defendant acknowledged that she never returned to the hotel to collect her belongings. The defendant explained that she had a lot of important items of property in the hotel room including some Louis Vuitton items. Virginia Beach is in the Eastern District of Virginia.

6. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant, as recounted above, were in all respects knowing and

deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 6/5/23   By: _____
Darryl J. Mitchell
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, HANNAH CATHERINE SCHUSTER, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
HANNAH CATHERINE SCHUSTER

I am Edward A. Fiorella, defendant's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Edward A. Fiorella, Esq.
Attorney for HANNAH CATHERINE SCHUSTER

4